# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2012

No. 11-41205
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND WASHINGTON, also known as Blood,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-227-4

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Raymond Washington appeals his conviction of conspiring to possess with the intent to distribute cocaine. *See* 21 U.S.C. § 846. He argues that the district court abused its discretion when it admitted evidence and testimony at his trial that related to his involvement in marijuana trafficking. He complains that the district court determined that his acts were intrinsic to the charged offense based on the Government's false assertion that the individuals with whom he dealt marijuana introduced him to the individuals with whom he dealt cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41205

In a conspiracy case, evidence is considered intrinsic if it is "relevant to establish how the conspiracy came about, how it was structured, and how each [participant] became a member." *United States v. Lokey*, 945 F.2d 825, 834 (5th Cir. 1991) (citing *United States v. Nichols*, 750 F.2d 1260, 1265 (5th Cir. 1985)). We review a district court's evidentiary rulings with respect to intrinsic or extrinsic evidence for an abuse of discretion. *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

Washington has not shown that the district court based its evidentiary ruling on false assertions from the Government.  Nor has he shown that the district court abused its discretion in determining that the evidence relating to his involvement in marijuana trafficking was intrinsic to the charged conspiracy offense and not subject to the requirements of Federal Rule of Evidence 404(b).

The evidence in question was intrinsic to the conspiracy offense because it provided background information necessary for a jury to understand the structure of the cocaine conspiracy, the nature of the conspiratorial relationship between Washington and his accomplices, and how the conspiracy came about. *See United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010); *United States v. Miranda*, 248 F.3d 434, 440-41 (5th Cir. 2001); *United States v. Royal*, 972 F.2d 643, 648 (5th Cir. 1992).  In addition, the evidence of Washington's marijuana trafficking activities and cocaine trafficking activities was inextricably intertwined. *See United States v. Watkins*, 591 F.3d 780, 784-85 (5th Cir. 2009). Washington trafficked marijuana both before and during the time he was trafficking cocaine, some of the same accomplices who helped Washington traffic marijuana helped him traffic cocaine, and funds from the two operations were co-mingled and used for the benefit of both ventures.

In any event, the district court's admission of the marijuana related evidence was harmless in light of Washington's confession of guilt and other evidence presented at trial. *See Rice*, 607 F.3d at 140-41.

AFFIRMED.